Sharon CARTER, Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.

No. 06–17260.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 18, 2008.

Filed Sept. 23, 2008.

Tony Arjo, Oakland, CA, for Plaintiff–Appellant.

Jean M. Turk, Social Security Administration, Office of the General Counsel, Sara Winslow, Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Before: FARRIS, SILER,* and BEA, Circuit Judges.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

## MEMORANDUM **

Plaintiff Sharon Carter appeals the district court's judgment affirming the determination of the Commissioner of Social Security that she was not disabled and therefore not entitled to disability insurance benefits under the Social Security Act. Because substantial evidence supports the Commissioner's conclusion, we affirm.

We review the Commissioner's decision to determine only "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir.2001). To qualify for Social Security disability benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Further, the claimant must be "not only unable to do his previous work," but unable to "engage in any other kind of substantial gainful work which exists in the national economy," meaning "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

■ First, Carter argues that, in rehearing her case, the administrative law judge (ALJ) committed legal error by deviating from the district court's prior order of remand, in violation of the law of the case and the rule of mandate doctrines. The district court, albeit through a different judge, interpreted the remand order to allow the ALJ to hear new evidence regarding disability. The district court acted within its discretion in construing the remand order, and we will not disturb its decision.

■ Next, Carter argues that the ALJ's findings were not supported by substantial evidence. The ALJ concluded that Carter could perform medium work. Although several doctors had opined that Carter could perform only light work, the ALJ gave reasonable explanations as to why he rejected their opinions. For instance, Dr. Kumar's findings were unpersuasive because they were based on earlier MRI findings rather than more recent MRI findings that showed no nerve root impingement. The ALJ rejected Dr. Han's opinion because it was based on a provisional finding that was not confirmed on objective testing. Further, Dr. Chu's findings support the ALJ's conclusion that Carter could perform medium work. "Where evidence is susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005).

■ Moreover, the ALJ did not find Carter's statements credible and provided specific reasons for his disbelief. Carter's responses to an I.Q. test resulted in a score that indicated she was mentally retarded, which she obviously was not given the level of her education, prior employment history, and her conduct at the hearings. Despite her alleged symptoms, she could perform a variety of household chores, including washing dishes, dusting, cleaning the bathroom sink, and doing laundry. She also coached a children's track team. As the ALJ correctly pointed out, "[t]hese activities undermine [Carter's] allegation that she is unable to perform any work." When an ALJ assesses a

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

claimant's credibility "[t]hat assessment must be given great weight." *Rashad v. Sullivan,* 903 F.2d 1229, 1231 (9th Cir. 1990).

In sum, substantial evidence supports the ALJ's finding that Carter could perform medium work. A vocational expert testified that a person who is able to perform medium work could be employed as a cashier, which is a type of work existing in the national economy. Thus, Carter failed to prove that she was disabled.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.